*Huston & Mulligan,* for appellees.

---

SAMUEL M. RICHARDSON *v.* RICHARD ARROWSMITH, ETC.

**Alteration of Instruments—Evidence—Competency.**
> Evidence conducing to show that a note had been so altered as to make it payable to S. M. instead of I. L., is competent under the charge of fraud.

APPEAL FROM BATH CIRCUIT COURT.

February 5, 1873.

OPINION BY JUDGE LINDSAY:

The amended answer filed by the two Arrowsmiths and Dodson showed that the amount sued for by appellant had been attached by Stewart, without collusion with them, and was sufficient to authorize the amount to require Stewart to appear and assert his claim thereto.

The answer and cross-petition of Stewart sets up his proceeding in the Nicholas Circuit Court, and makes the record of his suit against I. L. Richardson pending in said court an exhibit.

Although he does not in terms allege that his judgment against

I. L. Richardson remained unpaid, the facts appearing from his answer and exhibits show that such was the case. Appellant accepted the issue as tendered by Stewart, replying only to so much of the cross-petition as charged a fraudulent collusion between himself and his father. He did not demur to the cross-petition and throughout the entire proceeding both he and his father treated the judgment in the Nicholas Circuit Court as unpaid, and prepared their defense upon that hypothesis. The proceeding by *Stewart v. I. L. Richardson,* under the provisions of the 474th section of the Civil Code, was properly instituted in the court in which the judgment was rendered upon a return of no property found in that county.

The evidence conducing to show that an alteration had been made in the note so as to make it payable to S. M. instead of I. L. Richardson, was competent under the charge of fraud. Such an alteration, if made, was certainly fraudulent as to I. L. Richardson's creditors.

It does not matter that the horse was sold to Arrowsmith before the judgment of Stewart was recovered. We are satisfied that the claim of the son to the note is unfounded, and that whether it was originally made payable to the son, or afterward changed, the father was acting in bad faith towards his creditors.

It is certain that he either changed the note after it was executed or else imposed upon the payees thereof, because they certainly supposed that they were buying the mare from him and agreeing to pay the purchase price to him.

Judgment *affirmed.*

*Reid & Stone, for appellant.*

*Hargis, for appellee.*